Tatum *v.* Rivers.

## E. W. Tatum *v.* W. J. Rivers.

Office and Officers. *Register.* B. F. Tatum was elected register of Fayette county at the election for county officers, held on March 26, 1870, and was inducted into office on April 5, 1870. In October, 1871, B. F. Tatum died, and his son, E. W. Tatum, was appointed to fill the vacancy by the County Court. At the regular election in August, 1872, W. S. Rivers was elected register to fill out the unexpired term. He applied to the County Court to be inducted into office at the September Term, 1872, but his right was contested by E. W. Tatum, who claimed that his term, under the appointment of the County Court, had not expired: *Held*, that under the provisions of the Constitution of 1870, relating to registers, E. W. Tatum's term of office expired September 1, 1872, and that the election of Rivers in August, 1872, was valid and constitutional, and he was entitled to be inducted into office by the County Court September 1, 1872.

### FROM FAYETTE.

Appeal from the Circuit Court. Thos. J. Flippin, Judge.

Jno. W. Harris for complainant.

Pulliam, Dortch & Scruggs for defendant.

Nicholson, C. J., delivered the opinion of the court.

B. F. Tatum was elected Register of Fayette county at the election for county officers, held on the 26th March, 1870, and was inducted into office on the 5th of April, 1870. In October, 1871, B. F. Tatum died, and his son, E. W. Tatum, was appointed to fill the vacancy.

At the regular election, in August, 1872, W. J. Rivers was elected Register for Fayette county to fill out the unexpired term, and at the September Term, 1872, of the County Court, he presented his certificate of election, and his bond, and claimed to be inducted into the office. His right to the office was contested by E. W. Tatum, who claimed that his term, under the appointment of the County Court, had not expired. The County Court determined that Rivers was entitled to be inducted into the office.

From this judgment Tatum appealed to the Circuit Court, where the judgment was affirmed, and Tatum has appealed to this court.

County Registers are to be elected for four years: Constitution, art. 7, sec. 1. When a vacancy occurs subsequent to an election, it shall be filled by the justices, and the person so appointed shall continue in office until his successor shall be elected and qualified: Art. 7, sec. 2.

Elections for judicial and other civil officers shall be held on the first Thursday in August, 1870, and forever thereafter on the first Thursday in August next preceding the expiration of their respective terms of service. Art. 7, sec. 5, paragraph 1.

The term of each officer so elected shall be computed from the 1st day of September next succeeding his election. . . No appointment or election to fill a vacancy shall be made for a period extending beyond the unexpired term. . . . Every officer shall hold his office until his successor is elected, or appointed, or qualified: Art. 7, sec. 5, paragraph 2.

These are the permanent organic provisions made to regulate the election of registers to fix their term of office, and to provide for filling vacancies.

The convention closed its session on the 23d of February, 1870. The general election for county officers was fixed by the Legislature for the 26th of March, 1870, and the convention, by ordinance, fixed the 26th of March, 1870, for taking the vote of the people on the ratification or rejection of the new Constitution.

According to the permanent provisions of the Constitution, the regular election for judicial and other civil officers was fixed for the first Thursday in August; but the regular election for civil officers other than judicial, under the Constitution of 1834, was fixed by the Legislature for the 26th of March, 1870. In order to prevent any inconvenience from a change of the Constitution, a schedule was attached thereto, which provided that the Governor of the State, the members of the General Assembly, and all officers elected at or after the general election of March, 1870, shall hold their offices for the terms prescribed in this Constitution. Under this provision of the schedule, a register elected at the general election on the 25th of March, 1870, would hold his office for the term prescribed in the Constitution, that is, for four years, as prescribed in art. 7, sec. 1; and the term of the register's office to be computed from the 1st day of September next succeeding his election on the 26th of March, 1870, as prescribed in art. 7, sec. 5, paragraph 2. The necessary result of these provisions was, to give more than four years to the registers elected on the 26th of

March, 1870, and this was the intended effect of the schedule adopted to avoid any inconvenience from the change of the Constitution.

It follows, that if B. F. Tatum had lived, his term of office would have expired at the end of four years from the 1st of September, 1870. As he died in October, 1871, E. W. Tatum, appointed to fill the vacancy, was only entitled to hold the office until the 1st of September, 1872. The election of Rivers, in August, 1872, was valid and constitutional, and he was entitled to be inducted into office by the County Court in September, 1872.

The judgments of the County and Circuit Courts were therefore correct, and are affirmed.